IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| STEVEN EDWARD VILLNAVE, § <br> § <br> Petitioner, § <br> § <br> v. § <br> § <br> DIRECTOR, § <br> Texas Department of Criminal Justice, § <br> Correctional Institutions Division, § <br> § <br> Respondent. § | 2:18-CV-205-Z-BR |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS**

Steven Edward Villnave ("Petitioner") filed a *Petition for a Writ of Habeas Corpus by a Person in State Custody*, challenging the constitutional and statutory legality or validity of his state court convictions for enhanced driving while intoxicated ("DWI"), third or more and his "predicate" 1991 offense for felony DWI. (ECF 1). The undersigned United States Magistrate Judge recommends Petitioner's application for federal habeas corpus relief be DISMISSED. Additionally, Petitioner's Motion for Stay (ECF 29) is DENIED.

I.    BACKGROUND

Petitioner has been convicted of numerous "enhanceable" theft and DWI offenses[1]:

| Cause Number | Offense | Offense Date | Sentence Date | Texas County |
|---|---|---|---|---|
| 14,597 | DWI | Unknown | July 28, 1982 | Hutchinson |
| 22,636 | DWI (subsequent offense) | Unknown | December 12, 1990 | Hutchinson |
| 6839 | Theft by Appropriation | March 5, 1990 | August 13, 1991 | Hutchinson |
| **6991** | **DWI – Felony** | **May 25, 1991** | **August 13, 1991** | **Hutchinson** |
| 29827-B | Aggregated Theft | March 8, 1990 | September 16, 1991 | Potter |
| 7384-B | Theft Over $750 | March 13, 1990 | September 16, 1991 | Randall |
| 0936257 | Theft Over $750 | September 15, 1993 | February 18, 1994 | Travis |
| 96485K368 | DWI 3rd or More | June 26, 1996 | February 4, 1997 | Williamson |
| 8749 | DWI 3rd or More | June 16, 2001 | June 12, 2002 | Hutchinson |
| F1122458-U | DWI 3rd or More | March 11, 2011 | February 5, 2013 | Dallas |
| **F1322214-U** | **DWI 3rd or More** | **March 17, 2011** | **April 29, 2013** | **Dallas** |

---

[1] Petitioner does not concede his criminal history, but the administrative records establishes these convictions. However, the recognition of these convictions by the Court is not determinative of whether any of these convictions were "proven" as enhancements in Petitioner's subsequent criminal proceedings.

(ECF 20-5, at 23; *see also* Texas Department of Criminal Justice ("TDCJ") Online Offender Search, https://offender.tdcj.texas.gov/OffenderSearch/offenderDetail.action?sid=04329730 (last accessed June 10, 2021). Petitioner *directly* challenges his 1991 felony DWI conviction out of Hutchinson County, Texas. (ECF 1, at 6-7). He is currently in TDCJ custody, serving a 50-year sentence on his DWI, third or more conviction out of Dallas County, Texas. *See State v. Villnave*, No. F-1322214-U.

Petitioner has pursued seven federal habeas petitions in the Northern District of Texas (3:2013-CV-4111; 3:2014-CV-01997; 3:2015-CV-03861; 3:2016-CV-02221; 1:2018-CV-00975; 1:2018-CV-01077, and this present petition). All of these habeas petitions were filed after Petitioner's April 29, 2013 Dallas County, Texas DWI, third or more judgment was entered. Of relevance, two of the habeas petitions attacked this 2013 conviction and resultant 50-year sentence (Dallas County case number F-1322214-U). *See Villnave v. Stephens, Director TDCJ-CID*, No. 3:2014-CV-01997 (dismissed without prejudice for failure to exhaust state remedies); *see also Villnave v. Williams*, No. 3:2015-CV-03861 (denied June 20, 2017 on the merits).

Petitioner's instant habeas action was filed September 24, 2018, over a year after the dismissal of his prior challenge. (ECF 1, at 1).

## II.   PETITIONER'S ALLEGATIONS

Petitioner contends he is being held in violation of the Constitution and laws of the United States for the following reasons:

> Petitioner's argues that his due process rights were violated because his 1991 conviction for DWI was enhanced to a felony without evidentiary support for the two predicate offenses, resulting in a two-year sentence for a crime that should have been a misdemeanor. (ECF 1, at 6-7; ECF 2, at 1-22).

> Petitioner asserts that his due process rights were violated during his 1991 DWI proceedings because he was not properly admonished of his substantive rights, including the right to a trial by jury. (ECF 1, at 6; ECF 2, at 1-22).

> Petitioner claims that his trial counsel for the 1991 DWI provided ineffective assistance of counsel in violation of *Strickland* and its progeny by his failure to conduct an adequate investigation into the crime prior to advising the petitioner to accept a plea of guilt. (ECF 1, at 6; ECF 2, at 1-22).
>
> Petitioner contends he is actually innocent of the 1991 DWI conviction. (ECF 1, at 7).
>
> Petitioner contends that his trial counsel for the 1991 DWI conviction was constructively absent under *Cronic* and its progeny, and thus, he was not "appointed" counsel for his proceedings and the use of the 1991 DWI conviction to enhance his sentence in No. F-1322214-U constitutes a constitutional violation of his rights. (ECF 2, at 1).[2]

### III.   RESPONSIVE PLEADINGS

On March 1, 2019, Respondent filed an Answer asserting Petitioner's habeas application should be dismissed with prejudice because Petitioner is not "in custody" pursuant to the challenged 1991 DWI state court conviction. (ECF 19, at 1). Respondent also argues that Petitioner fails to challenge his 2013 DWI, third or more conviction for which he is currently incarcerated. *See id*., at 5 ("Villnave's petition makes it plain that he is only challenging his presumptively valid–and expired– 1991 conviction for DWI…"). The Court agrees with Respondent that Petitioner must be "in custody" on the challenged conviction to invoke the Court's jurisdiction. However, the Court interprets Petitioner's specific challenge to the use of the 1991 DWI conviction to *enhance* his 2013 DWI third or more conviction (on the basis that he was constructively denied appointed counsel in his 1991 case) as a challenge to his 2013 DWI, third or more conviction. *See Maleng v. Cook*, 490 U.S. 488, 493-94 (1989). Thus, by challenging his current conviction's enhanced sentence, Petitioner invokes this

---

[2] Respondent does not acknowledge this claim by Petitioner, which is presented almost entirely in the Memorandum of Law (ECF 2). However, construing the Petitioner's claims liberally, the Court recognizes that Petitioner is ultimately challenging his current conviction and resultant 50-year sentence in his Dallas County case number F-1322214-U, through the "improper" enhancement of his 1991 DWI conviction. Respondent's argument fails to consider all arguments in support of Petitioner's claims contained in the contemporaneously filed Memorandum of Law.

Also, Petitioner indicates by his petition that he has a "future" sentence he is attacking (No. F-1322214) by this petition. (ECF 1, at 4). Additionally, Petitioner asserts in his petition that the 1991 DWI conviction was used to enhance the 2013 DWI, third or more conviction and sentence he is currently serving. (*See id*, at 9).

Court's jurisdiction under the "in custody" requirement. (*See* ECF 2, at 5, 12) (Petitioner cites to *Cronic* 466 U.S. 648 (1984) in his denial of counsel argument).

On March 18, 2019, Petitioner filed his Reply to Respondent's Answer, asserting that Respondent misconstrues his claim, because he relies on an exception to the "in custody" rule, allowing him to challenge his 1991 conviction on the grounds it was used to enhance the conviction for which he is currently incarcerated. (ECF 22, at 1-2). The Court agrees. However, the Court must also review its jurisdiction based on whether Petitioner's habeas petition is successive.

## IV. ANALYSIS

### A. Jurisdiction: "In Custody"

Federal district courts have jurisdiction to entertain petitions for writs of habeas corpus only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. One satisfies the "in custody" requirement when the challenged conviction has not fully expired when the petitioner files his or her petition under § 2254. *See Carafas v. Lavallee*, 391 U.S. 234, 238 (1968). One is not "in custody" for a particular conviction, however, when he or she "suffers no present restraint" from the challenged conviction. *Maleng v. Cook*, 490 U.S. 488, 492 (1989). "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Id*.

Petitioner is no longer in physical custody pursuant to his 1991 DWI conviction. However, this is immaterial to jurisdiction in this instance. Petitioner challenges the sentence imposed in his 2013 DWI, third or more conviction, for which he remains in custody, as enhanced by his 1991 conviction. (*See* ECF 2, at 1-22). The Supreme Court has found that where a petitioner challenges a sentence as enhanced by an allegedly invalid prior conviction, the "in custody" requirement for federal habeas jurisdiction is satisfied. *See Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394,

401–02 (2001); *see also Maleng*, 490 U.S. at 493–94; *Dilworth v. Johnson*, 215 F.3d 497, 500 (5th Cir. 2000); *Herbst v. Scott*, 42 F.3d 902, 905 (5th Cir. 1995). Thus, notwithstanding the expiration of his 1991 sentence, this Court has jurisdiction over petitioner's challenge to his 2013 sentence as enhanced by his 1991 conviction, insofar as the Petitioner remains "in custody."

### B. Jurisdiction: Successiveness of Challenge to 2013 DWI, Third or More

Although the Court agrees with Petitioner's Reply that he is "in custody" for purposes of invoking this Court's jurisdiction because he is challenging his 2013 DWI, third or more sentence in conjunction with his 1991 DWI *as used for enhancement purposes*, this does not end the Court's analysis regarding jurisdiction over Petitioner's claims. Rather, the Court must next decide if Petitioner's claims are successive, thus depriving this Court of its jurisdiction.

If a Section 2254 petition constitutes a second or successive petition, this Court cannot exercise jurisdiction over it without authorization from the court of appeals. *See* 28 U.S.C. § 2244(b); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). A petition is successive when it raises a claim that was or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008); *Crone*, 324 F.3d at 836–37.

> The requirement that all available claims be presented in a prisoner's first habeas petition is consistent not only with the spirit of AEDPA's restrictions on second and successive habeas petitions, but also with the preexisting abuse of the writ principle. The requirement serves the singularly salutary purpose of forcing federal habeas petitioners to think through all potential post-conviction claims and to consolidate them for a unitary presentation to the district court.

*United States v. Orozco–Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000) (quoting *Pratt v. United States*, 129 F.3d 54, 61 (1st Cir. 1997)). Nevertheless, a petition that is literally second or successive is not a second or successive application for purposes of § 2244(b), if the prior dismissal is based on prematurity or lack of exhaustion. *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (declining to construe an application as second or successive when it followed a previous dismissal due to a failure to exhaust state remedies); *Stewart v. Martinez–Villareal*, 523 U.S. 637, 643–46 (1998) (declining to

construe an application as second or successive when it followed a previous dismissal due to prematurity, and noting the similarities of such dismissal to one based upon a failure to exhaust state remedies). "To hold otherwise would mean that a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Stewart*, 523 U.S. at 645.

Petitioner has challenged his 2013 DWI, third or more, on two occasions: one of which was dismissed for failure to exhaust administrative remedies and one on the merits of his petition. *See Villnave v. Stephens, Director TDCJ-CID*, No. 3:2014-CV-01997 (dismissed without prejudice for failure to exhaust state remedies); *see also Villnave v. Williams*, No. 3:2015-CV-03861 (denied June 20, 2017 on the merits). This federal petition is successive because it raises claims that could have been raised in his first petition. Petitioner argues that he only "recently discovered" that his attorney in his 1991 DWI case was "not licensed" or "obtained his license by fraud" (ECF 1, at 6-7; ECF 2, at 1-22). However, it was clear at the time of his trial that the 1991 DWI conviction would be used for enhancement purposes. Petitioner's failure to bring a claim to challenge any deficiencies in the 1991 enhancement judgment in his prior federal habeas proceeding results in a successive petition. The information about his attorney was not only available before his 2013 case was resolved, but also was discoverable through the exercise of due diligence. "Section 2244(b)(2)(B)(i) states that claims based on a *factual* predicate not previously discoverable are successive." *See Blackman v. Davis*, 909 F.3d 772, 778 (5th Cir. 2018) (citations omitted). Accordingly, this Court lacks jurisdiction over Petitioner's challenge absent authorization.

Petitioner's failure to obtain leave from the Fifth Circuit under Section 2244(b)(3) before filing this successive petition "acts as a jurisdictional bar to [this] district court's asserting jurisdiction over [it] until [the Fifth Circuit grants him] permission to file [it]." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *Williams v. Thaler*, 602 F.3d 291, 301 (5th Cir. 2010). Thus, it is appropriate

for the court to dismiss the successive habeas application without prejudice pending review by the Fifth Circuit. *See Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). Dismissal without prejudice is more efficient and would better serve the interest of justice than a transfer to the Fifth Circuit. Petitioner has presented neither argument nor evidence indicating that he will be able to make a prima facie showing that his application will satisfy the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See* 28 U.S.C. § 2244(b)(2), (b)(3)(C).

### C. Cognizability: Scope of Challenge to 1991 DWI Enhancement Conviction and Constructive Denial of Counsel

Even in the event that this petition is not deemed successive, Petitioner's challenges to his 1991 DWI conviction are still not cognizable in federal habeas review. While *Coss* specifically permits Petitioner to attack the validity of his current sentence on the basis that it was enhanced by the allegedly invalid prior 1991 conviction, *Coss* also sets the parameters for challenging the prior conviction. In *Coss*, the Supreme Court specifically addressed "the extent to which the [prior expired] conviction itself may be subject to challenge in the attack upon the [current] senten[ce] which it was used to enhance." 532 U.S. at 402 (quoting *Maleng*, 490 U.S. at 494). The Supreme Court extended the holding in *Daniels v. United States*, 532 U.S. 374 (2001), which was decided in the context of a motion to vacate filed under 28 U.S.C. § 2255, "to cover § 2254 petitions directed at enhanced state sentences." *Coss*, 532 U.S. at 402. The *Daniels* court held that:

> [i]f ... a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant is without recourse ... [and] may not collaterally attack his prior conviction through a motion under § 2255.

*Daniels*, 532 U.S. at 382. When a prior conviction that has been used to enhance a state sentence is no longer open to direct or collateral attack, the prior conviction "may be regarded as conclusively valid." *Coss*, 532 U.S. at 403.

No one contests that petitioner's 1991 conviction is now closed to direct or collateral attack. As a general rule, this Court may therefore regard it as conclusively valid. *See id*. However, the general rule is not without exception. *See id*. at 404–05. When the enhancement conviction "was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment," as set forth in *Gideon v. Wainwright*, 372 U.S. 335 (1963), such conviction may be attacked whether or not that prior conviction remains open to direct or collateral attack. *Coss*, 532 U.S. at 404. This exception appears facially inapplicable in the instant case because the state record shows that Petitioner was represented by appointed counsel in his 1991 case. (ECF 2-1, at 17). However, Petitioner argues that his counsel was not properly licensed, and further argues that his counsel was "constructively absent" under *Cronic* and its progeny. (*See* ECF 2, at 12).

Some authority exists that *Cronic*'s "constructively absent" analysis applies to the *Gideon* exception regarding "failure to appoint counsel." However, this Court does not find such a claim would be cognizable or factually supported by the record in this case. First, Petitioner's challenges are all about the *ineffectiveness* of his counsel and his assistance (or the fact that counsel was not "properly licensed," which is unsupported by the record).[3] Second, *Cronic's* analysis is very limited in scope.

In *Childress*, the Fifth Circuit combined the *Gideon* concept that a sentence cannot be enhanced by a prior conviction in which the defendant had no appointed counsel with the concept set forth in *United States v. Cronic*, 466 U.S. 648 (1984) that a defendant might be constructively denied counsel although an attorney had been appointed. *See Childress v. Johnson*, 103 F.3d 1221, 1222-23 (5th Cir. 1997). It recognized the long-standing principle that "the performance of counsel may be so inadequate" as to constitute no assistance of counsel at all, despite the physical presence of an

---

[3] Petitioner attaches the State Bar of Texas website's "attorney finder" page to his petition, arguing that counsel has not certified his law school and other required certifications. However, that document clearly reflects that his attorney, Mr. Abraham Latman, is currently deceased. (ECF 2-1, at 10). Further, this Court has previously addressed Petitioner's argument that Mr. Latman may not have attended law school. (*See* ECF 27, at 1).

attorney. *Id*. at 1228 (quoting *Cronic*, 466 U.S. at 654 n.11). It found that "[t]he state court's factual findings … based upon the uncontroverted and unimpeached defense testimony, support the conclusion that Childress was aided, if at all, by standby counsel rather than full-fledged defense counsel." *Id*. at 1231. Consequently, it held that Childress's then current sentence could not be enhanced "based upon convictions secured a half-century ago in violation of his right to counsel." *Id*.

> However, in its holding, the *Childress* court emphasized that it was "not expanding the reach of the constructive denial of counsel doctrine." *Id*. at 1231. Rather, it noted: Our holding is rooted in the unusual circumstances of this case, particularly the long-since abandoned state procedure of appointing counsel *solely to waive the defendant's right to jury trial*, together with the state court's determination that counsel in fact *did nothing* to represent appellant's interests. When defense counsel is appointed *solely* to execute the defendant's waiver of jury trial, and when the evidence establishes that counsel *performed no other service for the defendant*, it cannot be said that the defendant received the assistance of counsel for his defense.

*See id*. at 1231–32 (emphasis added).

The state-court findings upon which the *Childress* decision largely rests have no parallel in the instant case. Here, the relevant appointment of counsel occurred in Hutchinson County in 1991. The state courts have not taken, let alone credited or accepted, testimony regarding the appointment practices in that county during the relevant time period. Further, no state court has made any specific finding of fact with respect to the relevant appointment practices in 1991.

The record in the instant case shows that counsel performed some representation of the Petitioner, which Petitioner acknowledges by his factual claims. (*See* ECF 1, at 6-7; ECF 2, at 1-22). Petitioner has submitted no affidavit either from himself or a disinterested third party supporting his contention that he was constructively denied counsel in 1991. He has the burden to show that he was constructively denied counsel. *See Childress*, 103 F.3d at 1228, 1231–32. A conclusory allegation of constructive denial of counsel does not entitle a petitioner to habeas relief. *See Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) (holding that conclusory allegations are insufficient to obtain habeas relief). Petitioner has not shown that he was constructively denied counsel. Consequently, petitioner

has not shown himself to fall within any exception to the general rule that the Court may regard the 1991 conviction conclusively valid. The established exception to the conclusive validity of the prior conviction has no apparent applicability here.

Petitioner has not overcome the presumption of regularity that is accorded the judgment of the challenged 1991 conviction. The copy of the final judgment clearly reflects that petitioner had a prior felony conviction in 1991. It shows that he was represented by counsel on that conviction. No facial impropriety appears from the use of the prior conviction to enhance the sentence currently under attack. Petitioner has not shown that he was constructively denied counsel in 1991, and his claim would thus not be cognizable on federal habeas review.

## V.   RECOMMENDATION

For the above reasons, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by Petitioner Steven Edward Villnave be DISMISSED for want of jurisdiction.

## VI.   INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

## VII.   ORDER DENYING MOTION FOR STAY

On October 19, 2020, Petitioner filed a Motion for Stay (ECF 29) requesting permission to further exhaust his administrative state remedies. The Motion for Stay is DENIED.

First, Petitioner asks this Court to stay his case pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), allowing state court review of his "new" claims. The court DENIES his request for a *Rhines* stay for several reasons: Petitioner waited until the case became ripe to ask for a stay, but he easily could have exhausted his claims earlier; the state courts would find any successive habeas action an

abuse of the writ, making a stay futile; and Petitioner has not "made a compelling showing that, if presented to the state courts, his unexhausted claims would entitle him to habeas relief," as evidenced by these Findings, Conclusions and Recommendation. *See id.*, at 270.

The Court also notes that Petitioner has previously challenged his 1991 DWI conviction *and* his 2013 DWI third or more conviction through 11.07 writs to the TCCA. *See* No. WR-64,007-15 (filed November 28, 2017, denied without written order February 7, 2018 for 1991 DWI); *see also* Nos. WR-64,007-11, WR-64,007-20, WR-64,007-21, (2013 DWI third or more); WR-64,007-25 (2013 DWI, third or more, dismissed as successive). Any further attempts by Petitioner to challenge his 1991 DWI or 2013 DWI third or more convictions will be dismissed as successive. Thus, a stay to exhaust administrative remedies would be futile.

This Order terminates docket entry number 29.

ENTERED June 23, 2021.

/s/ Lee Ann Reno
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

### * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).